THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOSE ESTRELLA, Defendant-Appellant.

Second District No. 2—87—0336

Opinion filed June 2, 1988.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert F. Casey, State's Attorney, of Geneva (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Jose Estrella, entered a plea of guilty in the circuit court of Kane County to an indictment charging him with the offense of armed violence based on his possession of a dangerous weapon and his commission of aggravated battery by causing great bodily harm (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2) and was sentenced to a 14-year term of imprisonment.

The sentencing issues raised on appeal are (1) whether the trial court erred in allowing the victim to testify at the sentencing hearing concerning the impact of defendant's conduct on the victim and other matters in aggravation where the statements were not first prepared in writing pursuant to section 5—4—1(a)(6) of the Unified Code of

Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(a)(6)); and (2) whether the trial court improperly considered as an aggravating factor that a weapon was involved in the commission of armed violence. Defendant seeks a new sentencing hearing and, alternatively, requests that we reduce his sentence.

Following defendant's plea of guilty to armed violence and attempted murder, the latter charge being subsequently dismissed, the court held a sentencing hearing. The State called two witnesses, including the victim, James Olson,. who both testified under oath regarding the incident which led to the charges against defendant. Essentially, this testimony was that on the evening of July 20, 1986, defendant and Olson were yelling across the street at each other. When Olson, who did not have a weapon, came across the street, defendant pulled out a pistol and shot him once in the chest. After Olson fell to the ground, defendant walked up and shot him twice in the head. Olson was intoxicated at the time. Olson further testified that the bullets still remain in his head, that he is blind in his right eye, that he is partially blind in his left eye, and that he is partially paralyzed on his left side. Defendant cross-examined both witnesses.

Defendant objected to Olson's testimony on the basis that he had not been furnished a written statement of Olson's proposed testimony, pursuant to section 5—4—1(a)(6) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(a)(6)). Defendant also objected on the ground that he had entered a plea of guilty and the evidence was therefore irrelevant. The court overruled the objections, finding that this evidence was part of the State's evidence in aggravation of the sentence. See Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(a)(3).

In his sentencing pronouncement, the trial judge found, as factors in aggravation, that defendant caused permanent, serious harm to the victim, that the act of shooting the victim twice in the head as he lay wounded was wanton cruelty, and that there was a weapon involved.

Defendant's first contention is that a written version of any statement concerning the impact on the victim and any other evidence offered in aggravation or mitigation by the victim must be prepared before any oral presentation is made by the victim at the hearing. He relies on the provision contained in subsection 6 of section 5—4—1(a) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(a)(6)) in arguing that because the victim, James Olson, failed to submit such a written version of his testimony and was allowed to testify over defendant's objection, he is entitled to a new sentencing hearing in conformance with the statute.

Section 5—4—1(a)(6) of the Code, in relevant part, provides:
 "(a) Except when the death penalty is sought under hearing procedures otherwise specified, after a determination of guilt, a hearing shall be held to impose the sentence. *** At the hearing the court shall:
 * * *
 (6) afford the victim of a violent crime *** the opportunity to make a statement concerning the impact on the victim and to offer evidence in aggravation or mitigation; provided that the statement and evidence offered in aggravation or mitigation must first be prepared in writing in conjunction with the State's Attorney before it may be presented orally at the hearing. Any sworn testimony offered by the victim is subject to the defendant's right to cross-examine. All statements and evidence offered under this paragraph (6) shall become part of the record of the court ***." Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(a)(6).

 ■ The fundamental role of the judiciary in statutory construction is to ascertain the intention of the legislature and then give effect to it. (*People v. Rink* (1983), 97 Ill. 2d 533, 539, 455 N.E.2d 64.) In construing a statute, language should be given its plain and ordinary meaning. (*People v. Steppan* (1985), 105 Ill. 2d 310, 317, 473 N.E.2d 1300.) When the language of a statute is unambiguous, its meaning should be given effect without resorting to supplementary principles of statutory construction. *People v. Singleton* (1984), 103 Ill. 2d 339, 341, 469 N.E.2d 200.

 ■ In our view, subsection (6) of section 5—4—1(a) of the Code is inapplicable to the situation here where Olson was called as a witness by the State to present on its behalf evidence in aggravation of sentence pursuant to subsection (3) of section 5—4—1(a), which allows the parties to offer evidence and information in aggravation and mitigation. Subsection (6) was added to section 5—4—1 by Public Act 83—1433, effective January 1, 1985, in conjunction with the Bill of Rights for Victims and Witnesses of Violent Crime Act (Crime Victims' Bill of Rights), enacted by Public Act 83—1432, effective December 27, 1984 (Ill. Rev. Stat. 1985, ch. 38, par. 1401 *et seq.*). This legislation affords basic rights to the victims and witnesses of violent crimes. (See Ill. Rev. Stat. 1985, ch. 38, par. 1402.) In particular, both subsection (6) of section 5—4—1(a) of the Code and section 6 of the Crime Victims' Bill of Rights (Ill. Rev. Stat. 1985, ch. 38, par. 1406) statutorily give the victim of a violent crime the right to present a victim impact statement at the sentencing hearing, provided the statement is prepared in

writing prior to the hearing. These provisions, which afford the victim the right to present an impact statement at the sentencing hearing, were, in our opinion, intended by the legislature to supplement the other evidence, reports, arguments, and statements which the court shall consider at the hearing as provided for in section 5—4—1(a) of the Code. Subsection (6) of section 5—4—1(a) is a separate method by which a victim may himself present a statement at the sentencing hearing (see 83d Ill. Gen. Assem., House Proceedings, June 25, 1984, at 133 (statement of Representative Cullerton); 83d Ill. Gen. Assem., Senate Proceedings, May 23, 1984, at 123 (statement of Senator Bloom)), and we find that the provisions in this subsection only apply when the victim offers on his own an impact statement or other aggravating evidence.

█ In the instant case, the victim was presented at the sentencing hearing as a witness for the State, and his testimony concerning the details of the offense and of his injuries were clearly offered as evidence in aggravation of sentence under subsection (3) of section 5—4—1(a) of the Code. In this circumstance, because the victim was obviously not making an impact statement or offering evidence in aggravation on his own pursuant to subsection (6) of section 5—4—1(a), the trial court correctly admitted his testimony without a written statement of the proposed testimony being prepared.

Defendant next contends that the trial judge improperly considered as a statutory factor in aggravation that a weapon was involved, which is implicit in the offense of armed violence, when he stated, "[c]ertainly the fact that there was a weapon involved is a factor in aggravation." Defendant argues that the use of a dangerous weapon during the commission of armed violence is an express element of every form of conduct which constitutes armed violence and may not be considered as a statutory aggravating factor (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2), citing the rule established in *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.

The State responds that the "use" of a weapon is not inherent to an armed violence offense, but only the possession of the weapon is a necessary element for the commission of that offense. Further, the State maintains that the reference to the weapon was for the proper purpose of showing aggravation in the manner of the commission of the offense, citing *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138. The State also contends that any error was harmless.

█ In sentencing a defendant, a judge must consider factors relevant to the imposition of the sentence. (*People v. Saldivar* (1986), 113 Ill. 2d 256, 268, 497 N.E.2d 1138.) A reasoned judgment as to the

proper sentence to be imposed must be based upon the particular circumstances of each individual case and depends on many relevant factors, including the nature and extent of each element of the offense as committed by the defendant. (113 Ill. 2d at 268-69, 497 N.E.2d at 1143.) This is consistent with the sound public policy that each defendant's sentence vary in accordance with the particular circumstances of the offense. (113 Ill. 2d at 269, 497 N.E.2d at 1143.) An exception to this general rule exists where a specific factor is implicit in the particular offense, and, in that case, such a factor should not be considered in aggravation at sentencing. (Conover, 84 Ill. 2d at 404, 419 N.E.2d at 908.) This exception, however, was not intended to be rigidly applied such that it would restrict a sentencing judge in his consideration of otherwise relevant sentencing factors. (Saldivar, 113 Ill. 2d at 268, 497 N.E.2d at 1142-43.) We must, therefore, look to the particular offense in this case to determine whether the use of the handgun is a proper factor to be considered in aggravation.

■ Armed violence is committed when a person, while armed with a dangerous weapon, commits any felony defined by Illinois law. (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2; *People v. Del Percio* (1985), 105 Ill. 2d 372, 376, 475 N.E.2d 528.) The two essential elements of armed violence are being armed with a dangerous weapon and committing a felony. (*People v. Alejos* (1983), 97 Ill. 2d 502, 508, 455 N.E.2d 48.) While they must coincide, the mere presence of a weapon of the proscribed character is sufficient, and the defendant need not actually use the weapon in the commission of the felony. *Alejos*, 97 Ill. 2d at 508, 455 N.E.2d at 50; see Ill. Rev. Stat. 1985, ch. 38, par. 33A—1.

■ While an element of the offense of armed violence is being armed with a deadly weapon, the actual use of the weapon to cause serious harm is not implicit in the offense. We find, therefore, that the sentencing judge could properly consider the use of the handgun as an aggravating factor. We must, however, determine whether the sentencing judge's remark reflects consideration of defendant's use of the weapon.

■ While commenting on the aggravating factors of the serious harm caused to the victim and the wanton cruelty of shooting the victim twice in the head while he lay on the ground wounded from the first shot in the chest, the court stated that "[c]ertainly the fact that there was a weapon involved is a factor in aggravation." We believe that the clear import of this comment, in the context of the court's entire remarks, was to consider the manner in which defendant used the weapon rather than defendant's mere possession of it. In making

the determination of whether a sentence is improperly imposed, a reviewing court should not focus on a few words or statements of the trial court, but should consider the entire record as a whole. (*People v. Ward* (1986), 113 Ill. 2d 516, 526-27, 499 N.E.2d 422.) On this record, we find that the trial judge did not consider defendant's mere possession of the weapon as an aggravating factor, but, rather, focused on defendant's use of the weapon.

 Finally, defendant has argued, alternatively, that we exercise our power under Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)) and reduce his sentence to one that better reflects the many mitigating factors that exist in his background and surround the commission of the crime. The record reveals that the trial judge reached his decision after thoughtfully reviewing both mitigating and aggravating factors, including defendant's remorse for his act, his lack of any past violent acts, his good work record, and his family situation. Nonetheless, this was a violent, unprovoked act by defendant causing permanent injury to the victim. We find no abuse of sentencing discretion. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS and NASH, JJ., concur.