THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMY NEVITT, Defendant-Appellant.

First District (3rd Division)   No. 1—86—1993

Opinion filed May 6, 1992.

Gordon H. Berry, of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Kenneth T. McCurry, Anthony J. Carballo, and Catharine M. Forest, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant, Tommy Nevitt, was convicted for the aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)) of three-year-old J.B. and sentenced to 18 years' imprisonment.

The sole issue now pending is the propriety of the sentence. For the reasons which follow, we affirm the 18-year sentence imposed by the trial court.

This cause now comes before us on remand from the supreme court (*People v. Nevitt* (1990), 135 Ill. 2d 423, 553 N.E.2d 368) to consider whether or not defendant's 18-year sentence is excessive because this court did not reach the sentencing issue in our previous decision on this matter (*People v. Nevitt* (1988), 174 Ill. App. 3d 326, 528 N.E.2d 307).

A full reiteration of the facts is not necessary since they are thoroughly detailed in both the decision of the supreme court (*Nevitt*, 135 Ill. 2d 423, 553 N.E.2d 368) and the prior opinion of

this court (*Nevitt*, 174 Ill. App. 3d 326, 528 N.E.2d 307). In brief, defendant confessed that on August 27, 1984, at a child day-care facility, he "took [J.B.] to the washroom and pulled out [J.B.'s] penis and began to suck it." The three-year-old victim told his mother, Pamela, about the incident after arriving home later that same day.

Following a trial, the jury convicted defendant of aggravated criminal sexual assault. (Ill. Rev. Stat. 1985, ch. 38, par. 12–14(b)(1).) After a sentencing hearing, the trial judge imposed a sentence of 18 years' imprisonment.

On appeal, this court found that several trial errors alleged by defendant constituted reversible error. Accordingly, we reversed defendant's conviction and remanded the cause for a new trial. *Nevitt*, 174 Ill. App. 3d 326, 528 N.E.2d 307.

The Illinois Supreme Court reversed and held that the trial errors, alone or in combination, did not result in manifest prejudice to defendant. Thus, the supreme court affirmed the judgment of the trial court and then remanded this cause for our consideration of the sentencing issue which was raised but not reached in defendant's appeal to this court. *Nevitt*, 135 Ill. 2d 423, 553 N.E.2d 368.

At the time of the assault, defendant was 23 years old and was working as a pre-school teacher at the Accounters Community Center (Center), the child day-care and educational facility where the incident took place. The three-year-old victim had been attending the Center for seven to eight months. Defendant had graduated from high school and completed 1½ years of college. Defendant had no prior criminal convictions.

Defendant asserts that an 18-year sentence is excessive in light of his young age, education, lack of a criminal record, and potential for rehabilitation. To support a reduction in his sentence, defendant primarily relies on *People v. Green* (1988), 177 Ill. App. 3d 492, 532 N.E.2d 442.

We find *Green* factually distinguishable. In *Green*, the defendant was convicted of rape, deviate sexual assault, indecent liberties with a child, and aggravated incest. The victim was the defendant's 13-year-old daughter. Following a bench trial, a 40-year extended-term sentence was imposed by the trial court. The *Green* court found that the imposition of an extended-term sentence was improper because it did not rise to the level of brutal or heinous behavior under the relevant legal precepts. Moreover, the *Green* court also considered the defendant's history of mental illness. The defendant in *Green* had originally been found unfit to stand trial and was committed to a mental health center for treatment. In contrast, the

present case does not involve an extended-term sentence or a defendant with a history of mental illness.

Absent an abuse of discretion, the sentence imposed by the trial court will not be disturbed on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The abuse of discretion standard is appropriate in considering the propriety of a sentence because "the trial judge [is] in the best position to observe and evaluate the myriad factors which comprise the sentencing determination." (*Perruquet*, 68 Ill. 2d at 156.) The supreme court has consistently held that it is not the function of a reviewing court to serve as a sentencing court. *Cox*, 82 Ill. 2d at 280.

■ Reviewing courts are reluctant to reduce sentences which are within the statutory limitations and are not clearly at variance with the purpose and spirit of the law. (*People v. Lambrechts* (1977), 69 Ill. 2d 544, 372 N.E.2d 641.) The law's purpose and spirit are upheld when the sentence reflects the seriousness of the offense and gives adequate consideration to the rehabilitative potential of the defendant. *People v. Wyatt* (1989), 186 Ill. App. 3d 772, 542 N.E.2d 872.

Aggravated criminal sexual assault is a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(c)), which mandates a sentence of not less than 6 years and not more than 30 years (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(3)). Thus, defendant received the exact mid-range sentence in the statutory scheme.

■ The sentence must be based on the particular facts of each case and is dependent on many factors. (*Wyatt*, 186 Ill. App. 3d 772, 542 N.E.2d 872.) The extreme youth of a victim of a sexual crime has been found to be a proper consideration even where the age of the victim was inherent in the crime. (*Wyatt*, 186 Ill. App. 3d 772, 542 N.E.2d 872.) In *Wyatt*, the defendant pleaded guilty to aggravated criminal sexual abuse upon a victim under 13 years of age. This court held that it was not improper for the trial court to consider the age of the victim, who was six years old, in the sentencing of the defendant in *Wyatt*. Similarly, the extreme youth of the victim was considered when sentencing a defendant for indecent liberties with a child. (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 468 N.E.2d 1242.) Thus, the young age of the present victim could also be a factor in determining an appropriate sentence.

An aggravating factor which may warrant a severe sentence includes whether or not "the defendant's conduct caused or threatened serious harm." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—

3.2(a)(1).) The psychological harm inflicted on a young victim of a sexual crime has been held to be a proper consideration. (*People v. Ulmer* (1987), 158 Ill. App. 3d 148, 510 N.E.2d 1296 (the psychological harm to the 10-year-old victim was a proper aggravating factor for indecent liberties with a child); *People v. Fisher* (1985), 135 Ill. App. 3d 502, 481 N.E.2d 1233 (same finding as to a 14-year-old male victim); *People v. Burton* (1981), 102 Ill. App. 3d 148, 429 N.E.2d 543 (a sentencing court may infer that the eight-year-old and nine-year-old victims of aggravated incest sustained psychological damage).) In the present case, the victim's mother testified that the three-year-old victim wakes up from a sound sleep, crying hysterically. In addition, the victim is less receptive or responsive to the males in his life, including his uncle.

A more severe sentence may also be imposed where "the defendant utilized his professional reputation or position in the community to commit the offense, or to afford him an easier means of committing it" (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)(6)) and where "the sentence is necessary to deter others from committing the same crime" (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)(7)). In the present case, defendant's position as a pre-school teacher clearly gave him access to the day-care center and its attendees, including the victim.

In light of the facts of the present case and the imposition of a sentence within the statutory guidelines, we find that the trial court did not abuse its discretion in sentencing defendant to 18 years' imprisonment.

Judgment affirmed.

RIZZI and TULLY, JJ., concur.