THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD MADURA, Defendant-Appellant.

Second District    No. 2—92—0828

Opinion filed February 15, 1994.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and Howard M. Goldrich, of Skokie (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Richard Madura, entered a plea of guilty in the circuit court of Lake County to two counts of criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(2) (now 720 ILCS 5/12—13(a)(2) (West 1992))) and was sentenced to concurrent terms of nine years' imprisonment. Defendant filed a motion for reconsideration, arguing that the trial court had failed to consider various factors in mitigation pursuant to section 5—5—3.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1 (now codified, as amended, at 730 ILCS 5/5—5—3.1 (West 1992))). Following the denial of his motion to reconsider, defendant filed a timely notice of appeal, arguing that the trial court had abused its discretion in sentencing defendant to nine-year terms of imprisonment in light of various mitigating factors and because the trial court improperly regarded defendant's relationship with the victim as a factor in aggravation.

The following facts were presented at the sentencing hearing. Defendant was charged with molesting M.P., the five-year-old child of his fiancee. Defendant had been dating the child's mother for several years. During this time defendant was not living with the victim's family, but defendant would regularly see the child, take him on

outings, and occasionally baby-sit while his mother was at work and attending college.

Sometime prior to January 3, 1992, M.P. told his mother that defendant had fondled him. When she confronted defendant, he admitted the conduct and agreed to seek professional help. Defendant's counselor subsequently reported the abuse to authorities. On January 6 and 7, defendant contacted authorities and told them about the abuse. Defendant told the police he had fondled M.P. 25 to 35 times. During some of these incidents defendant performed fellatio on the victim and placed rubberbands on the boy's genitalia.

In mitigation, defendant argued that he had strong rehabilitative potential, including a desire to receive treatment in a sex offender program; that he would have been eligible for probation had he been married to the victim's mother (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(e) (now codified, as amended, at 730 ILCS 5/5—5—3(e) (West 1992))); that he sought counseling before the authorities were notified; that he earned his GED at age 32 while incarcerated on these charges; that he had maintained steady employment; and that he had no prior criminal record.

The trial court imposed concurrent sentences of nine years' imprisonment, noting:

> "[I]t's true the Defendant has—up to this point, does not have any criminal record, has held a job, been a member—at least apparently, a law-abiding member of society. On the other hand, this is not a single, isolated incident, but a continuous—or a continual situation where the Defendant abused and took advantage of his relationship with this victim. He was—acted as a father, did family outings with the child, gained the child's confidence and trust, and abused that confidence and trust to his own advantage by repeatedly sexually abusing this victim."

■ Defendant's main contention is that the trial court improperly considered as an aggravating factor that defendant committed the underlying assaults by taking advantage of a position of trust and confidence he held with respect to the victim. Defendant argues that because a court may consider and impose probation for the charged offense where the defendant is a family member of the victim at the time of the commission of the offense (see Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(e) (now codified, as amended, at 730 ILCS 5/5—5—3(e) (West 1992))), his relationship with the victim in this case should not have been considered in aggravation against him. The law does not support this assertion.

Section 5—5—3(e) provides:

> "In cases where prosecution for criminal sexual assault or

aggravated criminal sexual abuse under Section 12—13 or 12—16 of [the Criminal Code of 1961] results in conviction of a defendant who was a family member of the victim at the time of the commission of the offense, the court shall consider the safety and welfare of the victim and may impose a sentence of probation only where:

(1) the court finds (A) or (B) or both are appropriate:

(A) the defendant is willing to undergo a court approved counseling program for a minimum duration of 2 years; or

(B) the defendant is willing to participate in a court approved plan including but not limited to the defendant's:

(i) removal from the household;

(ii) restricted contact with the victim;

(iii) continued financial support of the family;

(iv) restitution for harm done to the victim; and

(v) such other measures that the court may deem appropriate; and

(2) the court orders the defendant to pay for the victim's counseling services, to the extent that the court finds, after considering the defendant's income and assets, that the defendant is financially capable of paying for such services, if the victim was under 18 years of age at the time the offense was committed and requires counseling as a result of the offense.

\*\*\*

For the purposes of this Section, 'family member' and 'victim' shall have the meanings ascribed to them in Section 12—12 of the Criminal Code of 1961, as amended." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(e) (now codified, as amended, at 730 ILCS 5/5—5—3(e) (West 1992)).)

A "[f]amily member" is defined as "a parent, grandparent, or child, whether by whole blood, half-blood or adoption and includes a step-grandparent, step-parent or step-child \*\*\* [or], where the victim is a child under 18 years of age, an accused who has resided in the household with such child continuously for at least one year." Ill. Rev. Stat. 1989, ch. 38, par. 12—12(c) (now 720 ILCS 5/12—12(c) (West 1992)).

We reject defendant's suggestion that, under this provision, where a defendant charged with criminal sexual assault is the father of the child/victim, a sentencing court must consider that "status as \*\*\* a mitigating factor which entitles a defendant to probation." This is a misstatement of the law. (See *People v. Houck* (1989), 185 Ill. App. 3d 585, 589; see also *People v. Todd* (1993), 241 Ill. App. 3d 542, 554-55; *People v. Binkley* (1988), 176 Ill. App. 3d 539, 542-43.) On the contrary, section 5—5—3.2(a)(14) of the Uniform Code of Corrections (Ill.

Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(13) (now codified, as amended, at 730 ILCS 5/5—5—3.2(a)(14) (West 1992))) specifically provides that a court may consider a case "aggravated" where a defendant, in committing a violation of section.12—13 of the Criminal Code of 1961, held a position of trust or supervision in a relationship with a victim under 18 years of age.

It is appropriate for a trial court to consider whether a defendant convicted of criminal sexual assault holds a position of trust or supervision in relationship to the child/victim. (See *People v. Stephenson* (1990), 198 Ill. App. 3d 189, 199; *People v. Bosley* (1990), 197 Ill. App. 3d 215, 222.) While family members, especially parents, often hold a position of trust or supervision in relationship to children, the term "[f]amily member," as used in the context of the criminal sexual assault of a child, can include one who merely resides continuously in the victim's household for at least one year regardless of that individual's authority over the child. (Ill. Rev. Stat. 1989, ch. 38, par. 12—12(c) (now 720 ILCS 5/12—12(c) (West 1992)).) It is, therefore, appropriate to consider the nature and degree of a defendant's position of trust or supervision regarding a child/victim, even when the criminal sexual assault charge requires proof of a familial relationship as an element of the crime. See *People v. Burke* (1992), 226 Ill. App. 3d 798, 799-801; *People v. King* (1987), 151 Ill. App. 3d 662, 663-64.

■ We also disagree with defendant's interpretation that the purpose underlying the probation provisions of section 5—5—3(e) is to recognize the familial relationship existing between an offender and the victim as a factor in mitigation. The legislature clearly states that "the court shall *consider the safety and welfare of the victim* and *may* impose a sentence of probation *only"* if certain conditions are met. (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(e) (now 730 ILCS 5/5—5—3(e) (West 1992)).) Such language, particularly when read in light of the provision of section 5—5—3.2(14), cannot be said to indicate that the legislature viewed criminal sexual assaults by family members as less culpable than such assaults in general. Children can be particularly vulnerable to acts of sexual abuse by family members because that relationship might provide an opportunity to perpetrate such conduct and to repeat assaults over a period of time. The responsibility placed on those put in positions of trust and supervision over children must also be recognized.

We determine that section 5—5—3(e) was designed not to address culpability, but to allow latitude to the trial court in considering the impact upon the child of a sentence against a family member. A child who is sexually assaulted by a family member is harmed both

by the criminal act itself and the resulting injury to the family unit. The legislature has decided, through section 5—5—3(e), to provide sentencing courts with an additional avenue of discretion, available under strict guidelines, for dealing with the many conflicting interests present when a child has been sexually assaulted by a family member.

In the present case, defendant was able repeatedly to assault M.P. because of his close relationship with the child and the child's mother. In particular, many of the assaults occurred while defendant was baby-sitting with the boy. It is clear that defendant would not have had these opportunities absent the confidence and trust M.P.'s mother placed in him. Also, M.P. had developed a substantial relationship with defendant, to the point of considering him as a father. Because of those relationships, it was not unreasonable for the trial court to view defendant's conduct as being more serious than an assault by a stranger.

Having determined that the trial court could properly consider that defendant held a position of trust and supervision relative to the victim as an aggravating factor, we must still address whether it was an abuse of discretion for the trial court to impose concurrent terms of nine years' imprisonment.

■ A sentencing judge is normally in the best position to make a firsthand, reasoned judgment regarding the appropriate sentence based on the particular circumstances and the factors in each case, such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age, and then determine the punishment to be imposed. (*People v. O'Neal* (1988), 125 Ill. 2d 291, 298; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154; *Todd*, 241 Ill. App. 3d at 555.) Accordingly, a trial court has wide latitude in determining and weighing factors in mitigation or aggravation when exercising its discretion and imposing sentence, and, on review, a court's ruling is entitled to great weight and deference. (*Perruquet*, 68 Ill. 2d at 154; *Todd*, 241 Ill. App. 3d at 555; *People v. Gard* (1992), 236 Ill. App. 3d 1001, 1016.) When the imposed sentence falls within the statutory guidelines, it will not be disturbed unless its imposition constitutes an abuse of discretion. *O'Neal*, 125 Ill. 2d at 297-98; *Todd*, 241 Ill. App. 3d at 555; *People v. Rivera* (1991), 212 Ill. App. 3d 519, 525.

Where mitigation evidence is before the court, it is presumed that the sentencing judge considered the evidence, absent some indication, other than the length of the sentence imposed, to the contrary. (*People v. Phillips* (1992), 226 Ill. App. 3d 878, 891; *People v. Powell* (1987), 159 Ill. App. 3d 1005, 1011.) A sentencing court need

not recite and assign value to each factor in mitigation upon which it is relying, and the existence of the mitigation factors does not obligate the court to reduce the sentence from the maximum or to impose the minimum sentence. (*Gard*, 236 Ill. App. 3d at 1016-17; *Powell*, 159 Ill. App. 3d at 1011.) Furthermore, where, as here, the sentencing court examines the presentence report, it is presumed that the court took into account the defendant's potential for rehabilitation. See *Gard*, 236 Ill. App. 3d at 1017; *Powell*, 159 Ill. App. 3d at 1011.

Defendant was sentenced on two nonprobationable Class 1 felony counts of criminal sexual assault. Each carried a potential sentence of from 4 to 15 years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—13(b), 1005—8—1(a)(4) (now 720 ILCS 5/12—13(b); 730 ILCS 5/5—8—1(a)(4) (West 1992)).) Defendant argues that the trial court failed to consider his rehabilitative potential and various mitigating factors. The record does not support these assertions. All these various matters were presented to the trial court prior to sentencing through testimony, a presentence report, and the arguments of counsel. The comments of the trial court and the sentence ultimately imposed indicate that consideration was given to a variety of factors in mitigation and aggravation, including defendant's lack of a criminal record, the severity of the offense, the fact that the assaults were not isolated incidents, and the fact that defendant abused a position of trust and supervision relative to the victim. We conclude, therefore, that the trial court did not abuse its discretion in imposing the sentences.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.