UNITED STATES of America ex rel.
Walter JORDAN, Petitioner,

v.

Daniel BOSSE, Warden, Logan
Correctional Center,
Respondent.

No. 97 C 7430.

United States District Court,
N.D. Illinois,
Eastern Division.

March 4, 1999.

Walter Jordan, Lincoln, IL, pro se.

Courtney D. Carter, Assistant Attorney General, Chicago, IL, for Respondent.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner Walter Jordan filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his conviction for aggravated battery with a firearm. For the following reasons, the petition is denied.

### Background

Following a bench trial in the Circuit Court of Cook County, Illinois, Mr. Jordan was convicted of aggravated battery with a firearm and sentenced to 20 years imprisonment. Mr. Jordan appealed his conviction, raising two claims: (1) insufficient evidence to prove his guilt beyond a reasonable doubt, and (2) abuse of discretion in sentencing. (Resp't Ex. B at 4; Answer

to Habeas Pet. at 2.) On January 1, 1997, the Illinois appellate court affirmed. (Answer to Habeas Pet. at 2.) On February 20, 1997, Mr. Jordan filed a petition for leave to appeal to the Illinois Supreme Court, arguing the same two claims. (Answer to Habeas Pet. at 2; Resp't Ex. C at [unnumbered] 2.) That petition was denied on June 4, 1997. (Resp't Ex. D.)

On October 20, 1997, Mr. Jordan, acting *pro se*, filed this habeas corpus petition, arguing the same two grounds for relief: (1) insufficient evidence to prove his guilt beyond a reasonable doubt, and (2) abuse of discretion at sentencing. (Habeas Pet. at 1, 5, [unnumbered] 6.)

## Standard of Review

■ Before a federal court may hear a state prisoner's petition for habeas relief, the state courts must be given a full and fair opportunity to review the petitioner's claims. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.1991). Such an opportunity is afforded when the petitioner (1) has exhausted all his available state remedies, and (2) has raised each claim in a state court proceeding. *Id.* (citation omitted). Mr. Jordan has met both of those requirements: he has exhausted all of his state remedies, as Mr. Bosse concedes, (Answer to Habeas Pet. at 3), and each of his federal habeas claims was presented in state court.

■ Federal court review of habeas petitions is further limited by the habeas corpus statute as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996. Under § 2254(d):

An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The "contrary to" provision of § 2254(d)(1) applies to questions of law. It allows a federal court to express an independent opinion on all legal issues in the case, in order to determine whether a state court's decision was contrary to federal law. *Lindh v. Murphy*, 96 F.3d 856, 868–69 (7th Cir.1996) (en banc), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Significantly, it is federal law "as determined by the Supreme Court of the United States" that is controlling here. *Id.* at 869.

If the dispute lies "not in the meaning of the Constitution, but in its application to a particular set of facts," then habeas relief can be granted only where the state's decision reflects "an unreasonable application of" federal law. *Id.* at 870. The "unreasonable application" language of § 2254(d)(1) essentially tells federal courts: "Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" *Id.*

Federal habeas relief may also be granted if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). However, under § 2254(e)(1), a state court's determination of factual issues is presumed correct. The burden is on the petitioner to rebut that presumption with clear and convincing evidence.

## Sufficiency of the Evidence [1]

■ Mr. Jordan claims that he was not proven guilty beyond a reasonable doubt.

---

1. Mr. Bosse argues that this claim should be barred from federal habeas review because it was decided on an independent and adequate state law ground. (Answer to Habeas Pet. at 4–5.) None of Mr. Jordan's claims was defaulted on state procedural grounds, so Mr.

He bases his claim on two grounds. First, he argues that the testimony of the victim, David Moore, was contradicted by physical evidence and "impartial testimony of other witnesses," and that it therefore "creates reasonable doubt" as to Mr. Jordan's guilt and is "so improbable as to defy logic and common sense." (Habeas Pet. at [unnumbered] 6)

Specifically, Mr. Jordan points to Mr. Moore's alleged assertions that, on the morning of July 14, 1994:(1) Mr. Jordan forced his way into Mr. Moore's car at gunpoint and drove Mr. Moore to an alley, where Mr. Jordan then allegedly shot Mr. Moore in the left arm as he sat in the car, and shot him again in the back as Mr. Moore attempted to leave the car; and (2) while driving Mr. Moore's car to the alley, Mr. Jordan held the gun in his right hand and shifted gears with his left hand. (Reply in Supp. of Habeas Pet. at [unnumbered] 4.)

Mr. Jordan argues that Mr. Moore's account is contradicted by the testimony of Henry Williams, a prosecution witness who said he saw two cars in the alley that morning, not just Mr. Moore's car. _Id._ Mr. Jordan's account[2] of the incident is that he followed Mr. Moore into the alley in his own car that morning because he wanted to tell Mr. Moore (who was then dating Mr. Jordan's former girlfriend) that he harbored no "hard feelings" against Mr. Moore. (Resp't Ex. B at 6, 16.) Mr.

Jordan notes that his account (which alleges there were two cars in the alley) is supported by Mr. Williams' statements, but that Mr. Moore's is not. _Id._ at 34. Mr. Jordan also attacks Mr. Moore's assertion that Mr. Jordan held a gun in his right hand while shifting gears with his left. Mr. Jordan claims it is "nearly impossible to steer with the right hand and reach across the body to shift gears with the left hand." (Reply in Supp. of Habeas Pet. at [unnumbered] 4.)

In addition, Chicago police allegedly found at least one shell casing in the alley, and did not recall seeing any evidence of blood in Mr. Moore's car. (Resp't Ex. B at 29–30.) Mr. Jordan argues that such physical evidence contradicts Mr. Moore, who said he was shot twice while he was still in the car. _Id._ at 29.

Mr. Jordan's argument lacks merit. The relevant question for a federal habeas court reviewing a sufficiency-of-the-evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, _any_ rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." _Jackson v. Virginia,_ 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, it is the responsibility of the trier of fact "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." _Id._ In Mr. Jor-

---

Bosse apparently is arguing that the decision was based on an independent and adequate substantive ground. _Id._ at 5. In questions of state substantive law, the independent and adequate state law doctrine bars federal habeas review where state law is dispositive of the case. _Wainwright v. Sykes,_ 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). However, that is not the situation here. Mr. Jordan is challenging the sufficiency of the evidence, and that issue contains a potentially dispositive federal element: whether he was proven guilty beyond a reasonable doubt. (Resp't Ex. B at 22.); _see In re Winship,_ 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Therefore, Mr. Jordan's sufficiency of the evidence claim was not decided on an independent and adequate state law ground.

2. There are difficulties with Mr. Jordan's story as well. According to Mr. Jordan's own account, Chicago Police Officer Anthony Riccio, a prosecution witness, testified that when he arrived at the scene of the shooting the morning of July 14, 1994, he did not see a red Nissan (Mr. Moore's car) in the alley. (Resp't Ex. B at 14.) However, Mr. Jordan had said he pushed Mr. Moore's car "until it was _almost_ out of the alley," not _out_ of the alley. _Id._ at 18 (emphasis added). Further, Mr. Jordan's account suggests that Mr. Moore might have been shot only in the arm, while he apparently was shot in the back as well. _Id._ at 9, 18.

dan's case, the trial court assessed the evidence and found Mr. Jordan guilty, and the appellate court upheld that conviction. Now Mr. Jordan is essentially asking me to reweigh the credibility of the witnesses, but under the *Jackson* standard I cannot do that. In *Schlup v. Delo*, the Supreme Court explained that, under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." 513 U.S. 298, 330, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In fact, "under *Jackson*, the mere existence of sufficient evidence to convict would be determinative of petitioner's claim." *Id.*

Nothing Mr. Jordan has presented meets the *Jackson* standard. Further, the Illinois appellate court applied that standard[3] in affirming his conviction. Therefore, the appellate court did not apply law contrary to clearly established federal law as determined by the Supreme Court. In addition, there is no evidence of an unreasonable application of that law or of an unreasonable determination of the facts.

■ Mr. Jordan's second sufficiency-of-the-evidence argument goes to the intent required for aggravated battery with a firearm. Under Illinois law, a person commits aggravated battery with a firearm when, in committing a battery, he "knowingly or intentionally by means of the discharging of a firearm" causes injury to another person. 720 ILCS 5/12–4.2(a). Mr. Jordan alleges that he "did not act intentionally or knowingly" when he shot Mr. Moore, and that in fact the shooting was merely "an unfortunate accident." (Habeas Pet. at [unnumbered] 6.) According to Mr. Jordan, Mr. Moore was shot after he tried to grab Mr. Jordan's gun in the alley. The two men allegedly struggled over the gun, and it accidentally discharged, wounding Mr. Moore. (Resp't

Ex. B at 17–18.) That argument also lacks merit.

The state trial court looked at the evidence and found that Mr. Jordan had committed aggravated battery with a firearm. As already indicated, it is "the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences" therefrom. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. Further, under that *Jackson* standard, assessing the credibility of witnesses is beyond the scope of federal habeas review. *Schlup*, 513 U.S. at 330, 115 S.Ct. 851. That is the standard which the appellate court used in affirming Mr. Jordan's conviction. Hence, the law applied was not contrary to clearly established federal law. In addition, there is no evidence of any unreasonable application of such law, nor of any unreasonable determination of the facts.

### *Abuse of Discretion at Sentencing*

■ Mr. Jordan also argues that the trial court abused its discretion in sentencing him to 20 years imprisonment. He bases that claim on two grounds. First, he argues that the sentencing court did not give proper weight to a variety of mitigating factors. (Habeas Pet. at [unnumbered] 6; Resp't Ex. B at 39–41.) Therefore, Mr. Jordan asserts he should have been given a sentence closer to the statutory minimum than the maximum. (Habeas Pet. at [unnumbered] 6.)

■ In Illinois, aggravated battery with a firearm is a Class X felony and, as such, is punishable by a sentence of not less than six nor more than 30 years. 720 ILCS 5/12–4.2(b); 730 ILCS 5/5–8–1(a)(3). Mr. Jordan's 20–year sentence is somewhat nearer the statutory maximum than the minimum, but it is well within the statutory limit. Generally, federal courts

---

**3.** Though the appellate court did not cite *Jackson* directly, it cited state law that relies on the standard set forth in *Jackson*, *People v. Slim*, 127 Ill.2d 302, 307, 537 N.E.2d 317, 319, 130 Ill.Dec. 250, 252 (1989), noting that

"[i]n a bench trial, the circuit court determines the credibility of witnesses, weighs the evidence and draws reasonable inferences therefrom." (Resp't Ex. A at 1.)

will not review a sentence that falls within statutory limits. *Williams v. Duckworth,* 738 F.2d 828, 831 (7th Cir.1984). In fact, the severity of a sentence itself is "not sufficient grounds for relief on federal habeas corpus." *United States ex rel. Sluder v. Brantley,* 454 F.2d 1266, 1269 (7th Cir. 1972). If a sentence were shown to be "extreme" and "grossly disproportionate to the crime," that would be a constitutional violation, *Koo v. McBride,* 124 F.3d 869, 875 (7th Cir.1997), but Mr. Jordan has shown no evidence that his sentence meets that description.

Further, under Illinois law a trial court has "wide latitude in determining and weighing factors in mitigation or aggravation when ... imposing sentence." *People v. Madura,* 257 Ill.App.3d 735, 195 Ill.Dec. 916, 920, 629 N.E.2d 224, 228 (1994). In addition, "[w]here mitigation evidence is before the court, it is presumed that the sentencing judge considered the evidence, absent some indication, other than the length of the sentence imposed, to the contrary." *Id.*

In Mr. Jordan's case, the trial court looked at several mitigating factors, including: (1) Mr. Jordan's lack of prior criminal convictions, (2) his education level (high school plus vocational school), and (3) his conduct in jail while awaiting sentencing. (Resp't Ex. B at 39–41.) Nevertheless, the court sentenced Mr. Jordan to 20 years in prison, and the Illinois appellate court upheld that sentence. (Resp't Ex. A at 1–2.) In explaining that holding, the appellate court noted that sentencing lies within the discretion of the trial court and that a sentence will not be disturbed if it is within the statutory range and there is no abuse of discretion. (Resp't Ex. A at 2.) That decision was not contrary to clearly established federal law, nor was it an unreasonable application of that law. Therefore, this argument fails.

Mr. Jordan's second abuse-of-discretion argument is that the sentencing judge improperly counted as an aggravating factor the "great bodily harm" suffered by Mr. Moore. (Habeas Pet. at [unnumbered] 6.) Mr. Jordan claims that such bodily harm is an element inherent in the offense of aggravated battery with a firearm, and is therefore inappropriate for consideration as an aggravating factor. *Id.* In Illinois, it is true that a factor implicit in a particular offense should not be considered in aggravation at sentencing. However, that doctrine was never meant to be rigidly applied "such that it would restrict a sentencing judge in his consideration of otherwise relevant sentencing factors." *People v. Estrella,* 170 Ill.App.3d 292, 120 Ill.Dec. 677, 680, 524 N.E.2d 707, 710 (1988). Further, the degree of harm caused to the victim may in fact be considered as an aggravating factor in determining the length of a sentence, *"even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted."* *People v. Saldivar,* 113 Ill.2d 256, 100 Ill.Dec. 776, 781, 497 N.E.2d 1138, 1143 (1986). Mr. Moore apparently suffered permanent disability as a result of the shooting, (Resp't Ex. B at 39), and it is that degree of bodily harm that Mr. Jordan argues was inappropriately considered as an aggravating factor. That argument is without merit.

Moreover, as already indicated, Mr. Jordan's claim of an excessive sentence is itself insufficient grounds for federal habeas relief, particularly when the sentence is within statutory guidelines. Mr. Jordan's 20–year sentence is well within such limits and as such generally is not reviewed by federal courts. *Williams,* 738 F.2d at 831. Further, the Illinois appellate court upheld the sentence, finding no abuse of discretion. Mr. Jordan's second argument therefore fails.

### Conclusion

For the foregoing reasons, Mr. Jordan's petition for a writ of habeas corpus is denied.