**Terry MARSH, Petitioner,**

v.

**Jerry GILMORE, Respondent.**

**No. 98–2076.**

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

June 23, 1999.

---

Carlton M. Kagawa, Danville, IL, for petitioner.

Alvin S. Ratana, Office of the Attorney General, Chicago, IL, for respondent.

## ORDER

McCUSKEY, District Judge.

This matter is before the court on Petitioner Terry Marsh's Petition for Writ of Habeas Corpus (# 1). In that petition, Marsh challenges his sentences for his 1993 state-court convictions for three counts of aggravated criminal sexual abuse. As ordered, the Respondent Jerry Gilmore has filed an answer to the petition (# 8), as well as a copy of the state court record (# 9).

Following a thorough review of the petition, answer, state court record, and supporting legal memoranda, this court concludes that the state appellate court rendered a reasonable decision regarding Marsh's claims, and DENIES the Petition for Writ of Habeas Corpus in its entirety.

### FACTS

On March 1, 1993, Petitioner pleaded guilty in state court to three counts of aggravated criminal sexual abuse, for which he was sentenced to serve three consecutive seven-year prison terms. On appeal to the Appellate Court of Illinois, Fourth District, Marsh challenged his sentences as an abuse of discretion, arguing that a maximum term of seven years was excessive and that the imposition of consecutive sentences was improper. The Appellate Court affirmed Marsh's conviction and sentence on September 30, 1994. *People v. Marsh*, 263 Ill.App.3d 1129, 225 Ill. Dec. 384, 683 N.E.2d 552, No. 4–94–0005 (Ill.App.Ct. Sept. 30, 1994) (unpublished order).

Marsh filed a petition for leave to appeal to the Illinois Supreme Court in which he raised the following issues: 1) the Fourth District Appellate Court's decision conflicted with decisions of the First District Appellate Court; 2) the First District's comparative approach to sentencing is more appropriate than the Fourth District's; and 3) comparing Marsh's sentence to others convicted of similar offenses reveals that the trial court abused its discretion in sentencing Marsh. The Illinois Supreme Court denied Marsh's petition on February 23, 1995.

Marsh then filed a petition under the Illinois Post Conviction Hearing Act. 725 Ill.Comp.Stat. 5/122–1 *et seq.* (West 1995). In this petition, he alleged that the trial court's imposition of three consecutive seven-year sentences violated his right to due process and to be free from cruel and unusual punishment under the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution. In addition, Marsh alleged that the trial court violated his right to due process and equal protection under the law when it based its sentencing decision on inadequate consideration of Marsh's background and an inaccurate diagnosis of him as a pedophile.

The trial court dismissed Marsh's petition, and Marsh appealed. On appeal, Marsh argued that the trial court erred when it dismissed his petition without an evidentiary hearing. The Appellate Court, Fourth District, affirmed that dismissal on April 17, 1997. *People v. Marsh*, 286 Ill. App.3d 1145, 237 Ill.Dec. 552, 709 N.E.2d 1021, No. 4–96–0643 (Ill.App.Ct. Apr. 17, 1997) (unpublished order). On October 1, 1997, the Illinois Supreme Court denied Marsh's petition for leave to appeal the appellate court's decision. This petition followed.

### ANALYSIS

Marsh filed his Petition for a Writ of Habeas Corpus with this court on March 20, 1998 (# 1); accordingly, review of this petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254 (West 1999); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under amended section 2254, to establish that he is entitled to a writ of habeas corpus, the petitioner must show that his claims were adjudicated on the merits in state court and that the claims either: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In reviewing a petition for a writ of habeas corpus, the federal court presumes that any determination of a factual issue made by a state court was correct unless the petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Marsh was convicted of three counts of aggravated criminal sexual abuse, a Class 2 felony punishable by a term of imprisonment of not less than three and not more than seven years. 730 Ill.Comp.Stat. 5/5–8–1(a)(5) (West 1992). The trial court sentenced Marsh to the maximum sentence of seven years for each offense. In addition, the court determined that consecutive sentences were necessary to protect the public from Marsh's criminal conduct, and ordered that the three seven-year sentences be served consecutively rather than concurrently under 730 Ill.Comp.Stat. 5/5–8–4(b).

In his petition, Marsh asserts the following two claims: 1) that the state trial court violated his constitutional rights to due process and equal protection under the law when it imposed the maximum sentence for each conviction and ordered the sentences to run consecutively, and 2) that the trial court imposed an excessive sentence in violation of the Eighth Amendment to the United States Constitution. In support of those claims, Marsh argues that the sentences were disproportionate to his culpability and to sentences imposed in similar cases.

■ Marsh asserts his first claim under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The Seventh Circuit, however, has rejected similar attempts to challenge sentences under either of these clauses because the "Eighth Amendment explicitly addresses the constitutionality of punishments." *Holman v. Page,* 95 F.3d 481, 485 (7th Cir.1996), *cert. denied,* 520 U.S. 1254, 117 S.Ct. 2414, 138 L.Ed.2d 179 (1997) (*citing Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)). In *Albright,* the Supreme Court held that "[w]here a particular amendment [to the Constitution] 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright,* 510 U.S. at 273, 114

S.Ct. 807 (*quoting Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)); *see also Kernats v. O'Sullivan,* 35 F.3d 1171, 1182 (7th Cir.1994) (holding that "claims alleging substantive due process violations often are more appropriately analyzed under the more specific guarantees of the various provisions of the Bill of Rights"). In light of that precedent, this court declines to create a new way to challenge sentences under the Due Process or Equal Protection Clauses.

■ Moreover, Illinois has an interest in severely punishing adults who exploit juveniles for sexual gratification, both to deter others of similar tendencies from committing these crimes and to prevent repeat offenses. It has materially advanced that interest by incarcerating Marsh for a substantial period of time. Some rational connection between the sentence and the offense is all the Constitution requires under the Due Process and Equal Protection Clauses, and that requirement is clearly met here. *See Holman,* 95 F.3d at 485–86 (*citing Chapman v. United States,* 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991)).

■ Marsh's next claim is brought under the Eighth Amendment, which is the proper avenue for such a challenge. Nevertheless, Marsh's argument that his sentence was excessive and violated his right to be free from cruel and unusual punishment is unpersuasive. Federal courts are bound to defer to the prerogative of the state legislature when reviewing the appropriateness of a petitioner's sentence. *Webster v. DeTella,* 965 F.Supp. 1124, 1133 (N.D.Ill.1997). A federal court normally will not review a state sentencing determination that falls within the sentencing range provided by a valid state statute. *See Koo v. McBride,* 124 F.3d 869, 875 (7th Cir.1997) (*citing Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir.1994), *cert. denied,* 514 U.S. 1109, 115 S.Ct. 1961, 131 L.Ed.2d 852 (1995)). In fact, federal courts in habeas proceedings will only review a state sentencing determination that

is "grossly disproportionate" to the crime. *Koo,* 124 F.3d at 875 *(citing Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)).

In this case, Marsh's sentences fell within the statutory range for each offense. 730 Ill.Comp.Stat. 5/5–8–1(a)(5). In addition, the court specifically found that Marsh posed a risk to the public and to the young people of that community. Based on that finding, the court was authorized to order the sentences to run consecutively under Illinois law. 730 Ill. Comp.Stat. 5/5–8–4(b). A review of the record shows that the court considered all the relevant factors in aggravation and mitigation. Marsh was thirty-five years old when he committed a total three counts of aggravated criminal sexual abuse against two adolescent victims, aged fifteen and sixteen. Although Marsh was sorry and willing to seek treatment, he blamed his behavior largely on substance abuse and depression even though his own witness, Dr. Arnold Miller, testified that his behavior "fit the pattern ... of ... pedophile orientation." In addition, although Marsh had never been convicted of a felony, he had an extensive history of alcohol-related offenses. In fact, while the charges at hand were pending and during a period of home confinement for one of his alcohol-related offenses, Marsh allowed one of the victims and the victim's minor friends to stay at his home. Moreover, Marsh, who was a social worker, admitted smoking marijuana with some of the students he counseled. Under these circumstances, this court cannot find that the state court unreasonably concluded that Marsh's crimes called for maximum sentences under the statute and that Marsh posed a threat to the community sufficient to warrant the imposition of consecutive sentences.

Marsh also takes issue with the sentencing court's classification of him as a pedophile. Marsh asserts that "pedophile" refers to adults who are sexually attracted to children thirteen and younger, whereas his victims were fifteen and sixteen years old. The correct term, according to Marsh, is "ephebophile," which refers to an adult who has sex with a child between the ages of thirteen and eighteen. Marsh may be right that calling him an ephebophile would have been more accurate than calling him a pedophile. However, whatever the court labeled Marsh's problem, it knew the true ages of the victims, which is what Marsh insists is the important difference between himself and true pedophiles. What matters is that the court did not sentence Marsh under the mistaken belief that the victims were thirteen or younger, even if the label the court used might have suggested otherwise to someone unfamiliar with the facts of the case.

Along similar lines, Marsh also complains that his sentence violates the Eighth Amendment because it is disproportionate to sentences others have received for the same offense, citing *Solem v. Helm,* 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The import of *Solem,* however, was substantially reduced by the Supreme Court's opinion in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In *Harmelin,* the Court held that a mandatory life sentence for possession of more than 650 grams of cocaine did not violate the Eighth Amendment's prohibition of cruel and unusual punishment. *Harmelin,* 501 U.S. at 994, 111 S.Ct. 2680. In that case, seven justices favored some constitutional proportionality requirement, but five justices found that the proportionality guarantee in *Solem* went too far. Three justices indicated that the Eighth Amendment does not require strict proportionality between crime and sentence, but does forbid sentences that are "grossly disproportionate" to the crime. *Harmelin,* 501 U.S. at 1001, 111 S.Ct. 2680. The remaining two justices indicated that the Eighth Amendment contains no proportionality guarantee at all. *Harmelin,* 501 U.S. at 965, 111 S.Ct. 2680.

Although there was no majority opinion in *Harmelin,* the Seventh Circuit seems to

have adopted Justice Kennedy's position that the Eighth Amendment forbids only sentences that are grossly disproportionate. *United States v. Jones,* 950 F.2d 1309, 1317 (7th Cir.1991), *cert. denied,* 503 U.S. 996, 112 S.Ct. 1700, 118 L.Ed.2d 410 (1992) (*citing Harmelin,* 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J, concurring)); *see also James v. Milwaukee County,* 956 F.2d 696, 699 (7th Cir.1992), *cert. denied,* 506 U.S. 818, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992) (*citing Harmelin,* 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J, concurring)). In this case, however, Marsh has not established that his sentence was disproportionate to the crimes he committed. Under Illinois law, a trial court has "wide latitude in determining and weighing factors in mitigation or aggravation when ... imposing sentence." *People v. Madura,* 257 Ill.App.3d 735, 195 Ill.Dec. 916, 629 N.E.2d 224, 228 (1994). Moreover, as the Seventh Circuit has noted, "Illinois' sentencing scheme might indeed permit another defendant guilty of the same crime to receive a lesser sentence. Yet that is no reason for altering [petitioner's] punishment .... Judicial discretion naturally leads to discrepancies in sentencing." *Holman,* 95 F.3d at 485. Given the discretion allowed trial judges during sentencing, the court cannot find that some disparity between Marsh's sentence and those imposed on others convicted of similar offenses constitutes a constitutional violation. A twenty-one year sentence for three counts of criminal sexual abuse not involving serious physical injury is certainly severe, but it can hardly be considered so extreme as to violate the limits that the Constitution places on the severity of prison sentences. Accordingly, habeas corpus relief will not be granted.

## CONCLUSION

For the foregoing reasons, the court DENIES Marsh's Petition for Writ of Habeas Corpus [# 1]. The clerk is directed to enter judgment in favor of Respondent and against Petitioner.