NOTICE

Decision filed 04/15/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230676-U

NO. 5-23-0676

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 21-CF-303 |
| | ) | |
| ROBERT CUNNINGHAM, | ) | Honorable |
| | ) | Thomas M. O'Shaughnessy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McHANEY delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's claim that sentencing judge's improper consideration of a factor implicit in the offenses constituted second-prong plain error is foreclosed by *People v. Johnson*, 2024 IL 130191. Defendant's claim that sentencing judge's improper consideration of a factor implicit in the offenses constituted first-prong plain error and ineffective assistance of counsel claim raised for first time in supplemental brief are waived. Defendant's sentence is not excessive.

¶ 2    Following a jury trial, the defendant, Robert Cunningham, was convicted of aggravated battery of a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2020)) and aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2020)). He was sentenced on the aggravated battery of a peace officer conviction to seven years' imprisonment in the Illinois Department of Corrections plus one year of mandatory supervised release to run concurrent to a three-year sentence on the aggravated fleeing or attempting to elude a peace officer conviction. In

1

his opening brief, the defendant argued that the sentencing judge improperly considered a factor implicit in the offenses constituting second-prong plain error and, alternatively, that his sentence is excessive. In his supplemental brief, the defendant abandons his second-prong plain error argument and, instead, argues that the trial court's conduct constituted first-prong plain error and that defense counsel was ineffective for failing to object to the trial court's consideration of improper factors. For the following reasons, we affirm.

¶ 3                                    I. Background

¶ 4      The evidence adduced at trial revealed that Officer Phillip Bernardi was working in his office when he heard a commotion. When he went to see what was going on, he was informed that a vehicle had driven off the road and through the grass. There was a male driver, a female, and two children in the vehicle. Bernardi went outside to investigate and saw an older vehicle turn out of the parking lot. The officer got into a marked police truck, activated his lights, and attempted to catch up with the driver of the car. He continued to follow the vehicle through several turns. Bernardi testified that the defendant slowed but did not stop at a stop sign and drove eastbound in the westbound lanes, traveling in excess of 80 miles per hour on a road with a speed limit of 45 miles per hour. Bernardi continued his pursuit with his lights activated. The vehicle eventually turned off the roadway and got stuck in a grassy area. Bernardi approached the vehicle with his gun drawn and arrested the defendant, who was the driver of the car. Bernardi handcuffed the defendant and placed him in the backseat of the police truck.

¶ 5      As Bernardi was preparing to drive the defendant to the police station, the defendant began pounding on the cage and rear windows of the police truck. Though Bernardi had handcuffed the defendant's hands behind his back, he had somehow gotten his hands in front while still handcuffed. Bernardi testified he was concerned the handcuffs would break the windows, so he

2

got out of the vehicle to handcuff the defendant with his hands behind his back. As Bernardi went to open the rear passenger door, he grabbed his taser in case of a confrontation. As soon as the vehicle handle released, the defendant pushed the door against Bernardi, knocking him back. Bernardi testified that the defendant then began to attack him. Bernardi tried and failed to tase the defendant, but the taser was knocked out of Bernardi's hand as the two struggled. The defendant ripped Bernardi's protective vest off in the struggle. Bernardi testified that the defendant struck him in the chin and beard, and wrapped his legs around Bernardi's neck, attempting to choke him. Bernardi testified that he was scared for his life because he could not breathe very well, and was afraid that if he passed out, the defendant could grab his weapon and shoot him. Bernardi took out his gun and told the defendant he was going to shoot him if he did not stop. According to Bernardi, the defendant responded, "shoot me," and Bernardi shot him in the abdomen, ending the altercation. Bernardi called for assistance and an ambulance. Bernardi sought medical attention for his injuries and was treated for difficulty breathing. The altercation left Bernardi with some bruising on his chest, chin, and head, and some shoulder issues, but he did not follow up with medical treatment.

¶ 6     Victoria Mueller was a school bus driver who was dropping off students when she witnessed the incident. The stop arm camera on the bus recorded a video of the incident, which was introduced into evidence and shown to the jury. Mueller testified that she saw an officer coming around to the back door of his truck when someone launched himself out of the back seat at the officer. She saw the two fighting and Bernardi's vest come off. She testified that the defendant got Bernardi in a "scissor hold" with his legs. The two were still fighting when she heard a pop, which she identified as a gunshot.

3

¶ 7    The defense did not present any witnesses, and the defendant did not testify. The defense requested two jury instructions: (1) a self-defense instruction; and (2) an instruction on the lesser included charge of resisting arrest. The trial court denied both requests. The jury convicted the defendant of both aggravated battery of a peace officer and aggravated fleeing or attempting to elude a police officer.

¶ 8    At the sentencing hearing, the trial court noted that both convictions were probationable: up to 48 months' probation for aggravated battery of a peace officer, a Class 2 felony, and up to 30 months' probation for aggravated fleeing or attempting to elude a police officer, a Class 4 felony. In aggravation, the State presented the defendant's criminal history. In May 2017, the defendant pleaded guilty to resisting or obstructing and was sentenced to one year of conditional discharge and $475 in fines. In November 2016, he was convicted of a misdemeanor battery and sentenced to 15 hours of public service work and $300 in fines. The defendant completed both of these sentences. The State argued that these two cases showed a proclivity towards violence and that this was not the defendant's first run-in with resisting arrest. The State argued that, based on the facts of the case, the defendant should be sentenced to a term of six years' imprisonment.

¶ 9    In mitigation, the defense argued that, while the defendant had arrests on his record, he was over 30 years old with no felony convictions or charges. Defense counsel also discussed the defendant's drug use and abuse issues. While he did not argue the defendant's drug use was resolved, defense counsel argued that the defendant was less tempted by drugs because of the medical issues he had been dealing with since he was shot by the officer. Further, defense counsel argued that while the defendant had been out on bond for two years, he had never missed a court date nor had he committed any other violation; therefore, the defendant was likely to comply with probation.

4

¶ 10    Defense counsel also presented medical records as mitigation. In the two years since the defendant's arrest, he had received at least 17 surgeries relating to the gunshot wound, with possible upcoming surgeries involving resection of his liver. Additionally, because the defendant still has fragments of the bullet in his body, resulting in numerous infections, he will be on a high dose of antibiotics indefinitely. Defense counsel argued that a sentence of incarceration could seriously endanger the defendant's life, due to his inability to fight off an infection. Counsel further argued that the defendant's medical care would be expensive for taxpayers and asked the trial court to sentence the defendant to a period of probation, including community-based services. She noted that, while the defendant was deemed to be "high risk" to reoffend, he was on the low end of that scale.

¶ 11    The trial court did not agree that the defendant's history of criminal activity was a mitigating factor, finding there were similarities in the offenses; that is, resisting or obstructing, driving under the influence, and misdemeanor battery. The trial court found that the defendant's history of prior conduct and prior criminal history was a factor in aggravation. The trial court also disagreed that the defendant was likely to comply with the terms of probation, noting that he was deemed to be at high risk to reoffend. Regarding the defendant's medical condition, the trial court stated it could not make a finding that imprisonment would indeed endanger the defendant's medical conditions. The trial court determined that the defendant's conduct caused serious harm to the officer and threatened serious harm to the defendant's girlfriend and children and everyone traveling along the roadways.

¶ 12    The trial court further found a "serious sentence" was necessary to deter others from committing the same or similar offenses. Finding that the officer suffered an unprovoked attack, the trial court stated: "The profession of policing is a particularly dangerous world these days. At

5

some point in time along our more recent history in this country, police officers became targets. And it is critical to a civil society that every citizen respect the position and authority of those entrusted with the duties of keeping everyone safe."

¶ 13　After considering all of the statutory factors in mitigation and aggravation, the trial court found that a sentence of probation would "deprecate the seriousness of the offenses committed and be inconsistent with the ends of justice." The trial court sentenced the defendant to the maximum seven-year term for aggravated battery to a peace officer and the maximum three-year term for aggravated fleeing or attempting to elude, to be served concurrently.

¶ 14　Defense counsel filed a motion to reconsider the sentence, arguing the defendant's maximum sentence was excessive considering the defendant's history and the facts and circumstances of the case. While acknowledging that the defendant had medical conditions which require regular care and that he may require future surgeries, the trial court found no evidence that the defendant's medical condition would be endangered by imprisonment. After the defendant's motion to reconsider sentence was denied, he filed a timely appeal.

¶ 15　　　　　　　　　　　　　　II. Analysis

¶ 16　In his opening brief, the defendant argued that for purposes of sentencing, the trial court improperly considered a factor implicit in the offense. Specifically, the defendant contends that in light of the mitigating evidence, the length of the sentences demonstrates that the trial court placed significant weight on Bernardi's status as a police officer and relied on a personal opinion regarding the dangers inherent in policework. Although the defendant conceded that he failed to preserve this error for appellate review, he argued that his forfeiture was excusable under the second prong of the plain error rule. Alternatively, he argued that his sentence was excessive.

6

¶ 17    Prior to oral argument, the State filed a motion for leave to cite the newly issued Illinois Supreme Court case, *People v. Johnson*, 2024 IL 130191, as additional authority, and the defendant filed a motion to postpone oral argument to allow for supplemental briefing in light of *Johnson*. The State's motion, which was taken with the case, is hereby granted. In its motion, the State points out that in *Johnson*, our state supreme court held that erroneous consideration of an improper factor in aggravation while imposing a sentence was subject to harmless error, is not structural, and "may not be reviewed under the second prong of the plain error rule, but it is reviewable under the first prong of plain error analysis." *Id.* ¶¶ 90-92.

¶ 18    Although the defendant's motion to allow supplemental briefing was originally denied, during oral argument this court directed the defendant to refile his motion once *Johnson* became final, which occurred on December 26, 2024. The parties were allowed to file supplemental briefs in the instant matter.

¶ 19    In his supplemental brief, the defendant abandons his second-prong plain error argument and, instead, argues that the trial court's sentencing error constituted first-prong plain error where the mitigating and aggravating evidence at sentencing were closely balanced. Specifically, the defendant contends that the maximum sentences should be reduced because the trial court improperly relied on the complainant's status as a police officer, a factor which is inherent in the offenses of aggravated battery of a police officer and aggravated fleeing or attempting to elude a police officer, as well as a factor reflecting the trial court's personal opinion of the offenses. Furthermore, the defendant contends that the trial court failed to fully consider factors in mitigation, such as the defendant's significant medical needs. Additionally, the defendant argues that defense counsel was ineffective for failing to object to the sentencing court's consideration of

the improper factors and for failing to include this improper consideration in the motion to reconsider sentence, which amounts to second-prong plain error.

¶ 20    The State counters that the Illinois Supreme Court's decision in *Johnson* foreclosed the defendant's second-prong argument in his opening brief and that he should not be allowed to raise a first-prong argument in his supplemental brief. The State contends that the defendant did not merely forfeit the first-prong plain error claim, but rather that he affirmatively waived first-prong plain error review by intentionally and affirmatively relinquishing the argument. See *People v. Lesley*, 2018 IL 122100 ("Forfeiture is defined as the failure to make the timely assertion of the right." *Id.* ¶ 37. Whereas "waiver is an intentional relinquishment or abandonment of a known right or privilege." *Id.* ¶ 36).

¶ 21    The State correctly points out that the defendant did not argue first-prong error in his opening brief and that in his reply brief, the defendant explicitly waived first-prong plain error review by stating he "did not argue first prong plain error, nor does [the defendant] argue the sentencing error was closely balanced." Furthermore, the defendant clarified in his reply brief that his "argument contends that the judge considered an improper factor, not that the evidence was closely balanced." Finally, the State notes that in his supplemental brief, the defendant makes no argument regarding waiver; rather, he exclusively argues he forfeited first-prong plain error review. The State argues that the defendant's attempt to frame his waiver as mere forfeiture should be rejected. We agree. Accordingly, we find that the defendant's second-prong plain error claim was foreclosed by *Johnson* and that the defendant's first-prong plain error claim and ineffective assistance of counsel claim are waived.

¶ 22    We have reconsidered our granting of the defendant's request to file a supplemental brief and find it should not have been allowed. See *People v. Pertz*, 242 Ill. App. 3d 864, 914 (1993)

8

("Motions made in the reviewing court are open for reconsideration."). On appeal, "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The defendant raised the first-prong plain error issue in a supplemental brief filed after the original round of briefing. Where our rules do not allow an appellant to assert new issues in a reply brief, the appellant also should not be allowed "to file a supplemental brief which seeks to accomplish the same purpose, *i.e.*, to raise an issue not previously considered in his original brief." *Pertz*, 242 Ill. App. 3d at 914. To allow otherwise would "encourage appellants in future cases to seek to raise additional issues which could have been raised in the first instance in an appellant's original brief but were not." *Id.*

¶ 23 The remaining issue before this court is whether the defendant's sentence is excessive. The defendant asserts that the trial court did not properly consider the mitigating factors; improperly found that his criminal history was not mitigating; did not consider his addiction issues; and failed to adequately consider how his health would be impacted by incarceration.

¶ 24 Under the Illinois Constitution, all penalties must be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11; *People v. Clemons*, 2012 IL 107821, ¶ 29. The balancing process conducted at sentencing requires the sentencing judge to carefully consider all the factors in aggravation and mitigation, including the nature of the crime, protection of the public, deterrence and punishment, as well as the defendant's rehabilitative potential, age, social history, criminal background, and education. *People v. Jackson*, 357 Ill. App. 3d 313, 329 (2005); *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002). However, the trial court is not required to recite and assign a value to each factor considered. *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19.

¶ 25 A reviewing court must afford great deference to the trial court's judgment regarding sentencing because the trial court, having observed the defendant and the proceedings, has a far better opportunity to consider such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, and habits. *People v. Fern*, 189 Ill. 2d 48, 53 (1999). "In considering the propriety of a sentence, the reviewing court must proceed with great caution and must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently." *Id.* While a reviewing court is not meant to be a "rubber stamp" for a trial court's sentencing decision (*People v. Daly*, 2014 IL App (4th) 140624, ¶ 26, *abrogated on other grounds*), a reviewing court may only disturb a sentence within statutory limits if the trial court abused its discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000). "An abuse of discretion occurs only if a sentence greatly varies from the spirit and purpose of the law or where it is manifestly disproportionate to the nature of the offense." *People v. Bunning*, 2018 IL App (5th) 150114, ¶ 16.

¶ 26 At the sentencing hearing, the defendant presented three factors in mitigation: (1) he had no significant history of criminal activity; (2) he was particularly likely to comply with the terms of probation; and (3) his imprisonment would endanger his medical condition. The trial court considered, and rejected, all three factors in mitigation. On appeal, the defendant essentially seeks to have this court reweigh the mitigating and aggravating factors. However, as previously noted, that is not our role. *Fern*, 189 Ill. 2d at 53. Instead, we must afford the trial court's sentencing decision great deference, and it will not be overturned even if we may have balanced the factors differently. *Stacey*, 193 Ill. 2d at 209; *People v. Ramos*, 353 Ill. App. 3d 133, 137 (2004).

¶ 27 A review of the record demonstrates the trial court considered the evidence in aggravation and mitigation before imposing its sentence. When mitigation evidence is before the trial court,

10

we presume the court considered the evidence, absent some indication to the contrary, other than the length of the sentence imposed. *People v. Madura*, 257 Ill. App. 3d 735, 740 (1994); *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 33. Furthermore, a trial court is not required to impose a minimum term or reduce a term of imprisonment from the maximum because of the existence of mitigating factors. *Madura*, 257 Ill. App. 3d at 741.

¶ 28    The defendant's argument that the trial court abused its discretion when it failed to consider his addiction issues in fashioning a sentence fails as the trial court is not required to consider addiction as a factor in mitigation. See *People v. Mertz*, 218 Ill. 2d 1, 83 (2005). Because addiction to drugs is not specifically identified as a factor in aggravation or in mitigation, the trial court may consider addiction in either capacity. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 105.

¶ 29    Next, the defendant contends that the trial court failed to adequately consider how his health would be impacted by incarceration. We find no evidence in this case that the trial court did not properly consider the defendant's medical condition. After reviewing the medical records submitted by the defendant at sentencing, the trial court explicitly stated it could not find that his imprisonment would endanger his medical condition.

¶ 30    Although the defendant does not dispute the severity of the offenses, he maintains the charges do not automatically require a maximum sentence as Illinois courts have recognized that a minimum sentence can provide "adequate retribution." See *People v. Steffens*, 131 Ill. App. 3d 141, 151 (1985). The State counters that the defendant's course of conduct warranted the sentences imposed given their seriousness. The State posits that where the sentences are within statutory limits, they are presumptively valid, and the defendant cannot overcome this presumption given the gravity of his choices and actions. See *Stacey*, 193 Ill. 2d at 209.

¶ 31 We find that the trial court properly considered all factors in mitigation and imposed a sentence that was proportionate to the offenses. The record demonstrates that the trial court properly considered the nature and circumstances of the offenses and concluded that a sentence at the higher end of the sentencing range was appropriate. In considering factors in aggravation, the trial court found the defendant's conduct caused serious harm to the officer and threatened serious harm to the passengers in the vehicle as the defendant was fleeing at high speeds. His conduct also placed the public at risk. In pronouncing sentence, the trial court noted that the defendant's medical condition arose from his unprovoked assault on, and attempt to disarm, a police officer. Under these facts, we cannot say that the sentence greatly varies from the spirit and purpose of the law nor is it manifestly disproportionate to the nature of the offense. Affording great deference to the trial court's judgment, we find the trial court did not abuse its discretion in imposing the maximum sentences.

¶ 32                                    III. Conclusion

¶ 33 For the foregoing reasons, we affirm the defendant's sentences.

¶ 34 Affirmed.